UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
FITZROY L. BROWN, et al.,           )
                                    )
              Plaintiffs,           )
                                    )
v.                                  )        Case No. 16-cv-11484-LTS
                                    )
CITIMORTGAGE, INC.,                 )
                                    )
              Defendant.            )
_____)


ORDER

October 19, 2016

SOROKIN, D.J.

      In response to Defendant's motion to dismiss (Doc. 25), Plaintiffs, who are *pro se*, filed

an opposition (Doc. 33) as well as a boilerplate motion for leave to file an amended complaint

(Doc. 31).

      Under Federal Rule of Civil Procedure 15(a)(2), the Court should "freely give leave to

amend where the interests of justice so require, . . . even where a party requests leave to amend

after a motion to dismiss has been fully briefed."  U.S. ex rel. D'Agostino v. EV3, Inc., 802 F.3d

188, 192, 195 (1st Cir. 2015) (citations and internal quotation marks omitted).  "In the absence of

any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of

the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment,

etc. – the leave sought should, as the rules require, be freely given."  Klunder v. Brown

University, 778 F.3d 24, 34 (1st Cir. 2015) (citations and internal quotation marks omitted).

However, "where, as here, a request to file an amended complaint consists of nothing more than

1

boilerplate sentences stating the well-settled 'freely given' standard under which a request for leave to amend is generally analyzed, a district court acts well within its discretion when completely disregarding the request." U.S. ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 128 (1st Cir. 2013) (citation, internal quotation marks, and alterations omitted).

Plaintiffs' motion for leave to file an amended complaint is precisely the kind of boilerplate request that this Court has wide discretion to "completely disregard[]." Id. Moreover, the Court questions whether Plaintiffs can state a viable claim to relief, in part for the reasons stated in its Order denying Plaintiffs' earlier request for a preliminary injunction (Doc. 20). Finally, while Plaintiffs are entitled to some latitude with procedural rules because they are pro se, see Barrett v. Lombardi, 239 F.3d 23, 28 (1st Cir. 2001), the Court notes that they have experience litigating pro se and that their filings are more sophisticated than a typical pro se litigant's. Nevertheless, out of an abundance of caution and fairness, the Court will allow the motion.

Accordingly, the Court ALLOWS Plaintiffs' motion for leave to amend to file an amended complaint (Doc. 31) and DENIES AS MOOT Defendant's motion to dismiss (Doc. 25). The Court ORDERS Plaintiffs to file an amended complaint within 14 days of this Order and ORDERS Defendant to file any response to the amended complaint within 14 days thereafter. Plaintiffs are cautioned to make sure the amended complaint is sufficient to survive a motion to dismiss. If Plaintiffs fail to file a sufficient amended complaint within 14 days, the Court will dismiss this action with prejudice.

The Clerk shall mail this Order to Plaintiffs, in addition to placing it on the case's ECF

docket.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge